IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICKY FEDERICI,** | : CIVIL ACTION NO. 1:25-CV-1383 |
| Petitioner | : (Judge Neary) |
| v. | : |
| **MS. MASON,** | : |
| Respondent | : |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2254. Petitioner, Ricky Federici, challenges his 2022 conviction for rape and endangering the welfare of a child in the Luzerne County Court of Common Pleas. The petition will be dismissed with prejudice as untimely.

**I.   Factual Background & Procedural History**

On February 17, 2022, Federici pleaded guilty to rape by threat of forcible compulsion and endangering the welfare of a child. See (Doc. 1 at 1); Commonwealth v. Federici, No. No. CP-40-CR-0000468-2021 (Luzerne Cnty. Ct. Com. Pl. Feb. 17, 2022). He was sentenced on the same day to an aggregate term of imprisonment of 5 ½ to 15 years. Id. Federici did not appeal his conviction or sentence, but he filed a collateral challenge to it pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") on July 20, 2025. (Id.) Federici represents that the state courts have not yet resolved his request for PCRA relief. (Id. at 2).

Federici filed the instant case on July 28, 2025. (Doc. 1). The court issued an order on September 8, 2025, requiring Federici to show cause, on or before October

8, 2025, why the case should not be dismissed as untimely. (Doc. 5).[1] On October 6, 2025, this order was returned to the court as undeliverable with a notation indicating that an incorrect inmate number had been included on the envelope. (Doc. 8). The Clerk of Court remailed the order with a correct inmate number on that date. The court then issued an order on November 7, 2025, *sua sponte* extending the deadline for petitioner to respond to the show-cause order to December 15, 2025. (Doc. 9). To date, petitioner has not responded to the show-cause order, nor has he requested an additional extension of time to do so.

## II.  Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. Courts may *sua sponte* dismiss petitions as untimely pursuant to Rule 4 if they give the petitioner notice and an opportunity to respond on the timeliness issue prior to doing so. United States v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005).

---

[1] The court additionally recognized that the petition named as respondents both the superintendent of the prison in which petitioner is incarcerated and the Attorney General of Pennsylvania. (Doc. 5 at 1 n.1). Because the undersigned was previously employed as an attorney in the Office of the Attorney General, the court analyzed whether this presented a conflict that required recusal. The court concluded that recusal was not necessary because the Attorney General was not the proper respondent in the case and no attorneys from the Office of the Attorney General had entered an appearance in the case.

### III. <u>Discussion</u>

Section 2254 petitions are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. <u>Id.</u> § 2244(d)(2). The limitations period may also be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. Diguglielmo</u>, 544 U.S. 408, 418 (2005).

Under Section 2244(d)(1)(A), Federici had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. <u>See</u> 28 U.S.C. § 2244(d)(1)(A). Because Federici was sentenced on February 17, 2022, his conviction became final on March 21, 2022, the last date on which he could

3

have appealed to the Pennsylvania Superior Court. Pa. R. App. P. 903(a).[2] Federici was accordingly required to file this case no later than March 21, 2023. He did not file his petition until July 28, 2025, meaning it is untimely by more than two years.

As noted above, Federici has not advanced any arguments for statutory or equitable tolling in response to the court's show-cause order. In his petition, however, Federici asserts that his petition should be deemed timely because he "can't read or write at all," he has a "learning disability," he received "ineffective assistance of counsel," there was an unspecified "Brady violation," and there was a "hearsay exception." (Doc. 1 at 13). These conclusory and entirely undeveloped arguments are not sufficient to meet Federici's burden to equitably toll the limitations period.

Furthermore, to the extent Federici is arguing that the filing of his July 2025 PCRA petition statutorily tolls the limitations period,[3] he is incorrect. The filing of a PCRA petition simply pauses the limitations period for a federal habeas petition; it does not restart or reset it. Johnson v. Hendrick, 314 F.3d 159, 161-62 (3d Cir. 2002). Thus, the filing of a PCRA petition in July 2025 could not toll a limitations period that had already expired more than two years earlier. The court will accordingly dismiss the petition as untimely.

---

[2] Although the thirty-day deadline for filing an appeal would have expired on March 19, 2022, the deadline was automatically extended to March 21, 2022, because March 19, 2022, was a Saturday. See Pa. R. App. P. 903 cmt.

[3] Federici has not advanced this argument, but the court has considered it *sua sponte* in order to liberally construe his petition.

4

## IV.  Conclusion

The petition for writ of habeas corpus is dismissed with prejudice as untimely. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    December 19, 2025

5